UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFREY ARTHUR BOTKINS, JR.,          )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )   No. 1:17-cv-04419-WTL-MPB
                                       )
DR. PAUL TALBOT,                       )
                                       )
            Defendant.                 )

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis*, Dkt. No. 3, is **granted**.

**II.**

The plaintiff's motion for the appointment of counsel, Dkt. No. 4, is **denied for the present**. First, the request is premature. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). In addition, litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff's motion for assistance with recruiting counsel does not indicate whether he has made a reasonable attempt to recruit counsel on his own. The plaintiff should continue his efforts, and if he chooses to renew

his request for the appointment of counsel, he shall provide the court with a list of the names of attorneys, organizations, and/or law firms he has contacted and any responses he has received.

### III.

The plaintiff alleges in his complaint that he was place on medical hold in a strip cell for two weeks without seeing a doctor and without receiving medical treatment for his chronic needs. He names as the defendant Dr. Paul Talbot.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the complaint must be **dismissed**. First, the only defendant named is Dr. Paul Talbot, but Dr. Talbot's name does not appear in the body of the complaint and the plaintiff does not otherwise state that Dr. Talbot was involved in the alleged violations of his rights. The complaint therefore has failed to state a claim against Dr. Talbot. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)

("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). In addition, the allegations that the plaintiff's medical needs were not treated for two weeks is insufficient to show that the plaintiff would have a right to relief. Without an allegation as to what medical conditions the plaintiff asserts were not treated, the Court cannot conclude that the plaintiff has stated a claim for a violation of his rights. Because the Court has been unable to identify a viable claim for relief against the defendant, the complaint is subject to dismissal.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through January 5, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:17-cv-4419-WTL-MPB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 12/4/17

Distribution:

JEFFREY ARTHUR BOTKINS, JR.
200684
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana