UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY ARTHUR BOTKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04419-WTL-MPB |
| | ) | |
| DR. PAUL TALBOT, | ) | |
| WEXFORD HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint, Adding
Defendant, and Directing Issuance and Service of Process**

This matter is before the Court following Plaintiff Jeffrey Botkins' filing of an amended complaint, Dkt. No. 7. This matter shall proceed with the amended complaint, Dkt. No. 7, as the operative pleading in the action. Mr. Botkins filed a second, identical copy of his amended complaint at Dkt. No. 8. That filing will be disregarded.

**I. Screening Standard**

Because Mr. Botkins is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Botkins are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Amended Complaint

The amended complaint asserts claims against Wexford Health Services, Inc., which provides medical services to inmates at Pendleton Correctional Facility (PCF), and Dr. Paul Talbot, a physician employed by Wexford to treat inmates at PCF. The amended complaint alleges that Mr. Botkins saw Dr. Talbot on October 17, 2017, to be treated for a serious medical condition with symptoms including pain, vomiting, and a high fever. At that time, Dr. Talbot ordered that Mr. Botkins be confined for 30 days in a "strip cell" ordinarily used for inmates deemed at risk of suicide. Mr. Botkins alleges that this cell was intentionally kept at a temperature between 50 and 55 degrees Fahrenheit and that, while confined there, he was not provided with adequate clothing, blankets, food, or toilet paper. The amended complaint further alleges that, during this time, Dr. Talbot administered an antinausea medication in the wrong fashion and dosage, causing him to develop blood clots that have not yet healed.

## III. Discussion of Claims

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The amended complaint states a facially plausible claim that Dr. Talbot, acting under color of state law, acted with deliberate indifference in

violation of Mr. Botkins' Eighth Amendment rights. Construed liberally, the amended complaint further alleges that these violations of his rights were products of a Wexford policy or practice that is unconstitutional. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002). Therefore, **all claims shall proceed as submitted**.

### IV. Duty to Update Address

Mr. Botkins shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Botkins to communicate with him. If Mr. Botkins fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Addition of Defendant and Issuance and Service of Process

The **Clerk is directed** to update the docket to reflect that Wexford Health Services, Inc., is now a defendant in this action. The **clerk is designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint (Dkt. No. 7), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/1/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ARTHUR BOTKINS, JR.
200684
MIAMI – CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Paul Talbott
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Wexford Health
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Courtesy copy to:
Douglass A. Bitner
Katz Korin Cunningham, P. C.
334 North Senate Avenue
Indianapolis, IN 46204