UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY BOTKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04419-WTL-MPB |
| ) | |
| WEXFORD MEDICAL SERVICES, ) | |
| PAUL TALBOT, M.D. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' PAUL TALBOT, M.D. AND WEXFORD OF INDIANA, LLC'S ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Paul Talbot, M.D. and Wexford of Indiana, LLC ("Medical Defendants"), by counsel and for their Answer, Jury Demand and Affirmative Defenses to Plaintiff's Second Amended Complaint, state the following:

### I. JURISDICTION AND VENUE

1. Medical Defendants do not contest jurisdiction of the Court. Medical Defendants deny all remaining claims in this paragraph.

2. Medical Defendants do not contest venue.

### II. PLAINTIFF(S)

3. Upon information and belief, Medical Defendants admit the allegations in this paragraph.

### III. DEFENDANTS

4. Medical Defendants admit Dr. Talbot is employed by Wexford of Indiana, LLC. Medical Defendants' deny all remaining claims in this paragraph.

5. Medical Defendants admit Dr. Talbot is employed by Wexford of Indiana, LLC. Medical Defendants' deny all remaining claims in this paragraph. Medical Defendants admit that Wexford of Indiana, LLC is a wholly owned subsidiary of The Bantry Group Corporation and The Bantry Group Corporation owns 100% of Wexford of Indiana, LLC.

6. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

7. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

8. Medical Defendants deny the allegations in this paragraph.

IV. FACTS

8. (sic) Medical Defendants admit that on October 17, 2017, Dr. Talbot ordered that Mr. Botkins be placed in HRU at the Pendleton Correctional Facility for observation related to nasal congestion and chronic asthma. Medical Defendants deny all remaining allegations in this paragraph.

9. Medical Defendants deny the allegations in this paragraph.

10. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

11. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

13. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

15. Medical Defendants deny the allegations in this paragraph.

16. Medical Defendants admit that Dr. Talbot ordered that Mr. Botkins be permitted to keep his clothing and extra blankets while in HRU. Medical Defendants deny all remaining allegations in this paragraph.

17. Medical Defendants deny the allegations in this paragraph.

18. Medical Defendants deny the allegations in this paragraph.

19. Medical Defendants deny the allegations in this paragraph.

20. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

21. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

22. Medical Defendants deny the allegations in this paragraph.

23. Medical Defendants deny the allegations in this paragraph.

### V.     EXHAUSTION OF LEGAL REMEDIES

24. Medical Defendants deny the allegations in this paragraph; however, Medical Defendants admit there is not sufficient information to pursue the affirmative defense of failure to exhaust administrative remedies.

25. Medical Defendants lack sufficient information to admit or deny the allegations in this paragraph.

## VI.    LEGAL CLAIMS

26. Medical Defendants hereby reallege and incorporate by reference paragraphs 1-25.

27. Medical Defendants deny the allegations in this paragraph.

28. Medical Defendants deny the allegations in this paragraph.

## VII.    PRAYER FOR RELIEF

29. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

30. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

31. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

32. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

33. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

34. Medical Defendants also request a trial by jury.

35. Medical Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

## GENERAL DENIAL

To the extent not specifically addressed above, Medical Defendants deny all allegations against them.

WHEREFORE, Medical Defendants respectfully request that Plaintiff's lawsuit against them be dismissed, and for all other appropriate relief.

## JURY DEMAND

Medical Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

Medical Defendants, by counsel and for their Affirmative Defenses, state the following:

1. Plaintiff is not entitled to any relief under 42 USC § 1983.

2. Plaintiff has not been denied any rights protected by the United States Constitution, federal law, or Indiana law.

3. Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of the Defendants.

4. Plaintiff's injuries and damages, if any, are the result of a pre-existing condition or disease.

5. At all times, Defendants met or exceeded the applicable standard of care while providing medical and/or mental health services to the Plaintiff.

6. Defendants reserve the right to amend these affirmative defenses and add new affirmative defenses in the event future discovery reveals the existence of or need for such.

WHEREFORE, Medical Defendants respectfully request that this Court enter judgment in their favor and against the Plaintiff, and for all other appropriate relief.

Respectfully submitted,

/s/ Britney J. McMahan
Britney J. McMahan, Attorney No. #32066-49
Douglass R. Bitner Attorney #34981-49
KATZ KORIN CUNNINGHAM, PC
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204

        Office (317) 464-1100
        Fax (317) 464-1111
        E-Mail: bmcmahan@kkclegal.com
        E-Mail: dbitner@kkclegal.com
        *Attorneys for Paul Talbot, M.D. and Wexford of Indiana, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 28, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

  [n/a]

  I hereby certify that on February 28, 2019, a copy of the foregoing was mailed, by first class mail U.S. Mail, postage prepaid and properly addressed to the following:

  Jeffrey Botkins (IDOC# 200684)
  **NEW CASTLE CORRECTIONAL FACILITY**
  Inmate Mail/Parcel
  1000 Van Nuys Road
  New Castle, IN 47362
  ***Pro Se***

              /s/ *Britney J. McMahan*